## William W. Conard, for the use, etc., v. Isaac W. Ehrman.

1. ATTACHMENT—*Construction of Forthcoming Bonds.*—The fair construction to be put upon a forthcoming bond in attachment suits pending before a justice of the peace, providing "if said suits, or either of them, should be decided in favor of the plaintiff therein on the question of the title, ownership or right of possession of said goods, and such decision or decisions should not be appealed from, then the said goods should be forthcoming to answer the judgment of the court in such suit or suits, and in that event the obligation should be null and void, otherwise to remain in full force and effect," is that when a final adjudication of the controversy was obtained in favor of the plaintiff the goods were to be forthcoming to answer the judgment of the court, no matter whether such final adjudication was obtained in the Justice Court or in the Circuit Court on appeal.

2. PLEADING—*Sufficiency of Declaration on a Forthcoming Bond.*—A declaration upon a forthcoming bond in attachment, which follows the recitals of the bond that the goods were in possession of the defendants, and that they desired to retain the same until, etc., when they would produce them to answer the judgment, and avers that the goods were not forthcoming, shows with sufficient clearness that the parties who were in possession of the goods, and who wished to retain them, and who undertook to produce them in the event named, failed to keep their obligation.

**Debt on a Forthcoming Bond.**—Error to the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

This was an action of debt on the following instrument:

" Know all men by these presents that we, Jacob Ast and Jacob Koren of the city of Decatur, Illinois, and Isaac W.

Ehrman, of the same residence, are held and firmly bound unto W. W. Conard, a constable, etc., etc., in the penal sum of $309.28, for the payment of which, etc., etc.

"The condition of the above obligation is such that whereas, three attachment writs have been issued by W. W. Peddicord, a justice of the peace of said county (here giving the names of the creditors and amount of claim made by each, with the date of issue), all directed against the personal property of one Asher Ritter, by virtue of which said Conard, as such constable, has levied on the following described goods and chattels (here follows the description), said goods having been taken on said attachment writs as the property of said Asher Ritter, defendant in said attachment suits, as claimed by plaintiffs, said property having been found in the possession of said Jacob Ast and Jacob Koren, partners in business under the firm name of J. Ast & Co., in said city of Decatur; * * * and the said J. Ast & Co. desiring to retain possession of said goods during the pending of said attachment suits, and until the same are finally decided, determined and disposed of, now, therefore, if said suits, or either of them, shall be decided in favor of the plaintiffs therein on the question of the title, ownership or right to possession of said goods, and such decision or decisions shall not be appealed from, then the said goods shall be forthcoming to answer the judgment of the court in such suit or suits. And in that event this obligation shall be null and void, otherwise to remain in full force and effect."

The declaration averred that the venue was changed from Justice Peddicord to Justice Hammer, of the same county, and such proceedings were had that the suits were dismissed for want of prosecution, from which judgments of dismissal appeals were presented to the Circuit Court by said plaintiff, and such proceedings were there had that said attachments were sustained and judgments rendered accordingly in favor of the plaintiffs for the amounts respectively claimed by them, with orders, for special executions against the goods mentioned in said bonds, which said judgments

were not appealed from by either the said Ritter, Ast or Koren, and that said goods were not forthcoming to answer the said special executions which were duly issued.

The Circuit Court sustained a demurrer to the declaration and rendered judgment against the plaintiff for costs, upon which the present writ of error is prosecuted.

W. C. JOHNS, attorney for plaintiff in error.

BUCKINGHAM & SCHROLL, attorneys for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

It is argued by defendant in error that by the condition of the bond the obligors were bound to produce the goods in the event only that said suits should be decided in favor of the plaintiffs by the justice of the peace, and such judgments not appealed from by the obligors, and therefore, as the suits were decided by the justice against the plaintiffs, their appeal to the Circuit Court and the judgment of that court in their favor, from which no further appeal was prosecuted by either party, imposed no liability for not producing the goods to answer the special executions.

We can not accept this view. The express object of giving the bond was to enable Ast & Koren " to retain possession of said goods during the pendency of said attachment suits and until the same are finally decided, determined and disposed of," and then it was provided that if said suits, or either of them, should be decided in favor of the plaintiffs therein on the question of the title, ownership or right to possession of said goods, and such decision or decisions should not be appealed from, then the goods should be forthcoming to answer the judgment of the court in such suit or suits.

The construction contended for, limits the parties to the judgment of the justice of the peace, and not only so, but to a judgment in favor of the plaintiffs not appealed from.

Manifestly the parties contemplated a final decision, determination and disposition of the controversy, and when

such final adjudication was obtained in favor of plaintiffs the goods were to be forthcoming to answer the judgment of the court, and this is the only fair construction to be placed upon the condition when the whole is considered.

It is further argued that the declaration does not aver that Ast & Koren did retain possession of the goods pending the suit. The bond recited that the goods were in their possession and that they desired to retain the same until, etc., when they would produce them to answer the judgment. The declaration followed these recitals and averred that the goods were not forthcoming when required. Thus it is shown, with sufficient clearness, that the parties who were in possession of the goods, and who wished to retain them, and who undertook to produce them in the event named, failed to keep their obligation.

Nothing further is necessary.

We are of opinion the declaration disclosed a cause of action and that it was error to sustain the demurrer.

The judgment will be reversed and the cause remanded.